IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CORNELL SMITH, #32423-007            *
          Petitioner,
     v.                                 *    CIVIL ACTION NO. PJM-07-1435

WARDEN LISA HOLLINGSWORTH          *
 for the Bureau of Prisons
          Respondent.                 *
                             ***

## **MEMORANDUM OPINION**

On May 30, 2007, the court received for filing Cornell Smith's 28 U.S.C. § 2241 Petition for writ of habeas corpus. It appears that Petitioner is attempting to re-file claims raised in *Smith v. Hollingsworth*, Civil Action No. PJM-07-1070 (D. Md.),[1] and is seeking to re-open that judgment under Rule 60(b).[2] The grounds reasserted here contain legal conclusions and very few facts. Petitioner is apparently serving a District of Columbia combined sentence in a U.S. Bureau of Prisons ("BOP") facility. He raises a constitutional claim against the Inmate Financial

---

[1] *Smith v. Hollingsworth*, Civil Action No. PJM-07-1070 (D. Md) was dismissed without prejudice on May 14, 2007, for the failure to demonstrate exhaustion of administrative remedies. In that case Petitioner complained that: (1) the BOP is running his sentences (two years for "Bail Reform Act" and five years for burglary) consecutively, not concurrently; (2) as a District of Columbia offender he is entitled to 120 good time credits ("GCT"), not the 54 GCT awarded by the BOP; and (3) the U.S. Parole Commission was illegally granted authority to oversee District of Columbia offenders and it has no power to revoke a court sentence. *Id.*, Paper No. 1 at 4-5. Petitioner also complained that Maryland and Virginia detainers were lodged against him. He alleged the Virginia sentence should have commenced in 2004, and is to be served concurrently with his District of Columbia sentence. Petitioner also alleged the Maryland sentence has been "unlawfully 'held in abeyance' by executive officials for a future consecutive 'vindictive punishment.'" *Id.*, Paper No. 1 at 6-7. He additionally claims that his jail credits should have started in April of 2003, and ended in April of 2008, with a release date in January of 2007. *Id.*, Paper No. 1 at 7.

[2] Petitioner did not file a Rule 60(b) motion in *Smith v. Hollingsworth*, Civil Action No. PJM-07-1070 (D. Md). Rather, he filed a new § 2241 form packet. It was instituted as the above-captioned civil action.

Responsibility Program ("IFRP")[3] and complains that he should not be required to exhaust his administrative remedies because it would be "futile" to raise claims before the Bureau of Prisons and "expect them to judge their misconduct." Paper No. 1 at 5.

As previously noted by this Court, Title 28 of the United States Code § 2241(a), *inter alia*, gives the district courts general jurisdiction and the resulting power to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A petition for writ of habeas corpus "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973).

After a federal offender is sentenced, the Attorney General, acting through the BOP, is responsible for administering the sentence and computing sentence credit awards. *See* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 334-36 (1992). An inmate must typically exhaust administrative remedies provided under BOP regulations, 28 C.F.R. §§ 542.10 - 542.18[4], prior to

---

[3] The constitutionality of the IFRP has been upheld by the Second, Third, Fifth, Seventh, Eighth, Ninth, Tenth, Eleventh, and District of Columbia Circuits. *See Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002); *McGhee v. Clark,* 166 F.3d 884, 886 (7th Cir. 1999), *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 548 (9th Cir. 1998); *United States v. Williams*, 996 F.2d 231, 234 (10th Cir. 1993); *Dorman v. Thornburgh,* 955 F.2d 57, 58-59 (D.C. Cir. 1992); and *Johnpoll v. Thornburgh,* 898 F.2d 849, 851 (2d Cir. 1990); *James v. Quinlan*, 866 F.2d 627, 630 (3rd Cir. 1989). *See also Williams v. Pearson*, 197 Fed. Appx. 872 **3 (11th Cir. 2006 (unpub.) and *Acevedo v. Franco*, 69 F.3d 535 (5th Cir. 1995(unpub.)).

[4] 28 C.F.R. § 542.13 directs that an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy. The Warden of the institution shall establish procedures to allow for the informal resolution of inmate complaints. An informal resolution attempt may be waived in individual cases at the discretion of the institution's Warden or Administrative Remedy Coordinator when the inmate demonstrates an acceptable reason for bypassing informal resolution.

Pursuant to 28 C.F.R. § 542.14 (initial filing), the deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9) obtained from institution staff, is 20 calendar days following the date on which the basis for the Request occurred. Where the inmate demonstrates a valid reason for delay, an extension in filing time may be allowed.

seeking judicial relief.[5]  *See Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995); *United States v. Keller*, 58 F.3d 884, 894 (2d Cir. 1995); *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991).  There is no showing that Petitioner has satisfied exhaustion requirements and his request to waive exhaustion requirements shall be denied.[6]

Because this Court has no subject matter jurisdiction over the matter, the Petition shall be dismissed without prejudice.  A separate Order follows.


Date: 6/13/07                                                                 /s/
                                                                  PETER J. MESSITTE
                                                          UNITED STATES DISTRICT JUDGE

---

[footnote] 28 C.F.R. § 542.15 governs appeals.  Thus, an inmate who is not satisfied with the Warden's response may submit an appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response.  An inmate who is not satisfied with the Regional Director's response may submit an appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended.  Appeal to the General Counsel is the final administrative appeal.

[5]  Federal prisoners may pursue judicial challenges to BOP conduct affecting sentencing matters under 28 U.S.C. §2241 only after they have exhausted available administrative remedies. *See United States ex rel D'Agostino v. Keohane*, 877 F.2d 1167, 1173-74 (3rd Cir. 1989); *Guida v. Nelson*, 603 F.2d 261, 262 (2d Cir. 1979); *Cruz v. Clark*, 684 F. Supp. 1335, 1337 (E.D. Va. 1988); *see also United States v. Wilson*, 503 U.S. 329, 331-33, 335 (1992)  Moreover, federal prisoners complaining about the Bureau of Prisons' authority to collect the fine, its method of collection, or their ability to pay it through the Inmate Financial Responsibility Program (IFRP), 28 C.F.R. §§ 545.10-.11 (1989), must first exhaust administrative remedies before complaining to a court.

[6]  The § 2241 form used by Petitioner includes sections requiring the claimant to provide information on administrative exhaustion. Petitioner neither completed those sections nor provided requested documentation regarding exhaustion before the applicable federal agency.  Paper No. 1 at 6.

3